FILED

NOT FOR PUBLICATION

SEP 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLAND COOKE, | No. 09-16960 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-08080-MHM |
| v. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS; THE CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted August 23, 2010[**]

Before:     LEAVY, HAWKINS, and THOMAS, Circuit Judges.

Roland Cooke appeals pro se from the district court's judgment dismissing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging religious discrimination claims and due process violations against two private companies who manage the legal affairs of the Mormon Church. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Kennedy v. S. Cal. Edison, Co.*, 268 F.3d 763, 767 (9th Cir. 2001), and we affirm.

The district court properly dismissed Cooke's action because defendants are not state actors and Cooke failed to plead sufficient facts to show that they colluded with state actors in the alleged constitutional violations. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837-38 and n. 6 (1982) (only state actors or private parties acting in concert with state actors are subject to a section 1983 suit); *see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (private behavior is attributable to the state only if there is a close nexus between the state and the challenged action); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss").

**AFFIRMED**.